BRIGGS ET AL. *vs.* BRISCOE.

APPEAL FROM THE COURT OF THE NINTH JUDICIAL DISTRICT, FOR THE PARISH OF CONCORDIA, THE JUDGE THEREOF PRESIDING.

The appellee may file an answer to the merits, and on the same paper make a written motion to dismiss the appeal.

WESTERN DIST.
Oct. 1838.
BRIGGS ET AL.
vs.
BRISCOE.

If the citation be issued before the appeal bond is filed, the appeal will not, on that account, be dismissed. It is irregular, but it would be nugatory to issue another citation after filing the bond, when one had already issued.

In an action against the maker of a note, endorsed by the payee in blank the endorsees and holders, must prove the endorsement of the note to them before they can recover.

This is an action against the maker of the following promissory note. The plaintiffs, Briggs, Lacoste & Co., are a commercial firm, and residing in Natchez, Mississippi.

"$1333 1-2.      WALNUT BAYOU, (La.) May 1st, 1833.
"On or before the first day of January, 1836, I promise to pay J. B. Warren, or order, the sum of $1333½, for value received, as witness my hand.      " JOHN BRISCOE.
Endorsed—" J. B. WARREN."

The plaintiffs allege, that the defendant signed said note, which was endorsed by the payee before due, whereby the maker became liable to pay the same to the holders.

The defendant excepted, that as the plaintiffs, by their own showing, resided out of the state, to wit : in Natchez, Mississippi, and their attorneys also, and that if judgment should go against him, that he would be deprived of his right to prosecute an appeal, as process could not be served on either the plaintiffs or their attorneys.

The defendant then pleaded a general denial, and holds the plaintiffs to strict proof ; and denied that the firm of Briggs, Lacoste & Co., was composed of the plaintiffs.

Judgment upon these pleadings and issues, defendant having admitted his signature, was given for the plaintiffs, and the defendant appealed.

*Dunlap,* for the appellant, assigned for error :   1. That the court erred in dispensing with proof of the capacity of plaintiffs to sue, it having been denied specially that the plaintiffs composed the firm of Briggs, Lacoste & Co.
2. The court erred in not requiring proof of the signature

of the maker, and of the endorsement of the payee on the note.

3. `No interest should have been allowed on the note, as none was stipulated or given by law.

4. The record of appeal was brought up by the appellee, who has pleaded to the merits and denied that there is error in the judgment; he has, therefore, waived any right to dismiss, on account of any defects in the appeal bond, or service of citation.

*Cochran*, for the appellee, moved to dismiss the appeal, because the appeal bond was taken and filed after citation of appeal was served.

2. Appearance and filing an answer to the appeal, is a matter of right, and a party is not restricted, he may plead in his answer. Appearance cures the defects only which are not pleaded. 10 *Louisiana Reports*, 550. 11 *Ibid.*, 452.

3. The appeal bond should have been filed before service of citation, as there is no right to bring the adverse party into the appellate, without giving bond for costs. Execution of the bond is a condition precedent. 5 *Martin*, 81–2. 10 *Louisiana Reports*, 253.

4. Without a sufficient citation in the first instance, the appeal will be dismissed. 7 *Louisiana Reports*, 70, 71.

5. Possession is *prima facie* evidence of title to the note, which is sufficient to authorize judgment. when there is no special allegation of fraudulent, or illegal possession. 4 *Martin*, *N. S.*, 357.

*Carleton, J.*, delivered the opinion of the court.

In this case the record was brought up by the appellee, who, in his answer, avers there is no error in the judgment of the court below ; and on the same paper moves for a dismissal of the appeal, on the ground that the citation was served before the appeal bond was filed, and prays ten per cent. damages, as for frivolous appeal.

The appellant insists that the motion comes too late, inasmuch as the plea to the merits precedes the motion to

dismiss, notwithstanding both are written on the same paper, and cites 4 *Martin, N. S.*, 360.  4 *Louisiana Reports*, 67.

It does not appear to us material, whether the plea or motion precede in order on the paper, as they were filed simultaneously.  We think the appellee should be heard on his motion to dismiss, which we think, however, should not prevail.  For although it was irregular to issue the citation before the appeal bond was filed ; yet, when once filed, the citation issued as a matter of course, and it would have been nugatory to issue another, when one had already been served.  Moreover the appeal did not operate a supersedeas, and the appellee could derive no benefit from its dismissal, while it would be hard, if not unjust, to drive the appellant to the trouble and expense of another appeal, especially as the irregularity did not proceed from himself.  We think the appeal ought to be sustained.

This brings us to an examination of the merits.

The appellant asks for the reversal of the judgment, on the ground that there is no proof of the endorsement of the note to the plaintiff.

We have looked carefully over the record which is certified to contain all the evidence upon which the cause was tried in the first instance, and do not find any proof of the payee's endorsement.  We think the plaintiffs have failed to make out their case, and that the judgment is erroneous.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be reversed, and that ours be for the defendant, as in the case of a non-suit, with costs in both courts.

WESTERN DIST.
*Oct.* 1838.

BRIGGS ET AL.
*vs.*
BRISCOE.

The appellee may file an answer to the merits, and on the same paper make a written motion, to dismiss the appeal.

If the citation be issued before the appeal bond is filed, the appeal will not on that account be dismissed. It is irregular, but it would be nugatory to issue another citation, after filing the bond, when one had already issued.

In an action against the maker of a note, endorsed by the payee, in blank, the endorsees and holders must prove the endorsement of the note to them before they can recover.