NEW ORLEANS AND CARROLLTON RAILROAD COMPANY *v.*
MILLS et al.

To entitle the holder of a promissory note to recover against an endorser, on the ground of a
promise to pay made after the latter had been discharged by failure to protest, the
plaintiff must show that the promise was made by the endorser with full knowledge of his
discharge.

APPEAL from the District Court of Avoyelles, *Boyce*, J.  *Genéres*, for the
appellants.  *Waddell*, contra.  The judgment of the court was pro-
nounced by

KING, J.  The defendants are sued as the maker and endorsers of a promis-
sory note.  The maker and first endorser made no defence to the action, and a
judgment was rendered against them, of which there is no complaint.  *Briggs*,
the second endorser, pleads in defence that he has been discharged from his
liability, in consequence of the failure of the plaintiffs to cause the note to be
protested, or to notify him of its dishonor.  The demand against him was re-
jected in the court below, and the plaintiffs have appealed.

The note on which the suit is brought bears date the 3d of November, 1843,
and was made payable twelve months thereafter.  At its maturity it was not
protested, but, on the 8th of November, 1844, several days after maturity,
*Briggs*, at the request of the maker, gave the following written waiver :  " Mr.
*N. Durand* and I are the endorsers on a note executed by *Thomas Mills* in the
Carrollton Bank, and have agreed to waive a protest on the same."  This
waiver, it is contended, is equivalent to a promise made by the defendant sub-
sequent to his discharge to pay the note.  If under the evidence this could be
considered as a subsequent promise to pay, it was incumbent on the plaintiff to
show that it was made by the defendant with a full knowledge of his discharge.
Story, on Prom. Notes, § 361.  12 La. 468.  No such proof has been adduced ;
but, on the contrary, we are satisfied from the evidence, that *Briggs* was igno-
rant of his discharge at the date of this waiver, and made it under the belief
that the note had not yet matured.  The fact of his making a waiver of protest,
instead of a direct renewal of his obligation, would, of itself, in the absence of
other testimony, be a strong circumstance to show that such was the impression
under which he acted.                                    *Judgment affirmed.*